## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 8:13CR269 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM |
| vs. | ) | AND ORDER |
| | ) | |
| JEFFREY RITCHISON, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on the Amended Motion to Vacate and Correct Sentence Under 28 U.S.C. § 2255 (ECF 45) filed on behalf of the Defendant Jeffrey Ritchison by his counsel of record. The Defendant, who was sentenced under the Armed Career Criminal Act of 1984, 18 U.S.C. § 924(e)(1), ("ACCA"), seeks relief pursuant to *Johnson v. United States*, 135 S. Ct. 2551 (2015), and requests that he be re-sentenced to a period of 63 months. Also before the court is the Defendant's Motion for Status (Filing No. 49).

After Ritchison pled guilty to Count I of the Indictment, felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and 21 U.S.C. § 924(e)(1), he was sentenced on March 17, 2014, to a period of 180 months incarceration, to be followed by five years of supervised release. (Judgment, ECF 33). Ritchison did not appeal his conviction or sentence. Because the Defendant had three previous qualifying convictions for crimes of violence, his base offense level, pursuant to U.S. Sentencing Guidelines Manual ("U.S.S.G.") § 2D2.1(a)(2), was 24. Pursuant to U.S.S.G. § 2K2.1(b)(4)(A), a two-level enhancement was applied because in the instant case the firearm was stolen. The Defendant was determined to be an armed career criminal and subject to an enhanced sentence under the provisions of 18 U.S.C. § 924(e). After applying a three-level reduction

for acceptance of responsibility, the Total Offense Level was 30.  The Defendant was determined to have 20 criminal history points, and his criminal history category was VI.  His sentencing guideline was calculated at 180-210 months and his statutory range of imprisonment was 15 years to life. Because of his status as an Armed Career Criminal, he was sentenced to a mandatory minium sentence of 15 years.

In the government's Answer & Concession Regarding the Motion Under § 2255 (Filing No. 48) ,  it concedes that, in light of the Supreme Court's rulings in *Johnson*, *Welch v. United States*, 136 S. Ct. 1257 (2016). and *Mathis v. United States*, 2016 WL 3434400 (June 23, 2016), the defendant is entitled to resentencing and is no longer subject to the enhancement under the ACCA.

This Court concludes that the Defendant's three prior felony convictions are offenses that fall within the scope of the residual clause of the ACCA and the Defendant no longer qualifies as an armed career criminal.

Accordingly,

IT IS ORDERED:

1.      Defendant's Motion for Status (Filing No. 49) is granted;

2.      Defendant's Amended Motion to Vacate and Correct Sentence Under 28 U.S.C. § 2255 (Filing No. 45) is granted in part as follows:

      a.      Defendant's sentence is vacated; an expedited Order on Sentencing Schedule will be issued; the Defendant's re-sentencing is scheduled for December 19, 2016, at 1:00 p.m.;

      b.      the Motion is otherwise denied; and

3.      The Clerk of the Court is directed to mail a copy of this Memorandum and

Order to the Defendant at his last known address.


DATED this 3rd day of November, 2016.

BY THE COURT:


s/Laurie Smith Camp
Chief United States District Judge