IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br>JEFFREY J. RITCHISON,<br><br>　　　　　　Defendant. | 8:13CR269<br><br>MEMORANDUM AND ORDER |

This matter is before the Court on the Defendant's Motion for Compassionate Release, ECF No. 79. The Defendant seeks a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A) as amended by Section 603 of the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (2018), affording him immediate release from custody.

Section 603 of the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (2018), amended 18 U.S.C. § 3582(c)(1)(A) to permit defendants to move a sentencing court for modification of sentence "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ."

Section 3582(c)(1)(A) also provides in pertinent part:

[T]he court . . . may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—

　　(i)　　extraordinary and compelling reasons warrant such a reduction;
　　　　. . . .

and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

The Defendant asserts that he submitted a request for compassionate release to his Warden on March 26, 2020, and he did not receive a response. Accordingly, the Court infers that the Defendant has exhausted his administrative remedies and the Court has jurisdiction to consider the Defendant's pending Motion.

The Defendant seeks a reduction in his sentence and release from custody due to the coronavirus pandemic. He states that he suffers from Hepatitis C, and he wishes to provide care for his elderly parents who also suffer from Hepatitis C as well as Type II Diabetes, COPD, high blood pressure, and heart failure. Accepting the Defendant's factual allegations as true, the Court still cannot conclude that the Defendant has shown extraordinary or compelling reasons for a reduction in his sentence. More importantly, the factors the Court must consider under 18 U.S.C. § 3553(a) weigh heavily against a reduction in sentence. The Defendant's criminal history is extensive. His sentence was imposed pursuant to an 11(c)(1)(C) plea agreement. A reduction in sentence would be inconsistent with the factors set out in § 3553(a)(1),[1] and (2)(A) through (C).[2] Accordingly,

IT IS ORDERED:

1. The Defendant's Motion for Compassionate Release, ECF No. 79, is denied; and

---

[1] "[T]he nature and circumstances of the offense and the history and characteristics of the defendant . . . ."

[2] "[T]he need for the sentence imposed—(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant . . . ."

3

2. The Clerk will mail a copy of this Memorandum and Order to the Defendant at his last known address.

Dated this 10th day of August 2020.

BY THE COURT:

s/Laurie Smith Camp
Senior United States District Judge